**In the Matter of the Application for Disciplinary Action Against Kenneth W. PETERSON.**

**No. 8585.**

Supreme Court of North Dakota.

Feb. 13, 1970.

Albert A. Wolf, Bismarck, for complainant.

Robert Vogel, Mandan, for respondent.

PAULSON, Judge.

This is a disciplinary proceeding in this Court for the revocation or suspension of the certificate of admission to the bar of the State of North Dakota of Kenneth W. Peterson, a regularly licensed attorney of this Court.

Kenneth W. Peterson was admitted to practice as an attorney and counselor at law in the courts of the State of North Dakota by a certificate of admission dated the twenty-fifth day of August, 1952, and he was duly licensed as an attorney at law in this State for the year 1969.

Kenneth W. Peterson was convicted of a felony by a United States District Court jury, on the fifteenth day of March, 1969, on three counts of the offense of willfully and knowingly attempting to evade federal income taxes due and owing to the United States of America, by filing and causing to be filed false and fraudulent income tax returns, in violation of § 7201 of Title 26, United States Code. The United States District Court committed Mr. Peterson on the twenty-sixth day of May, 1969, to the custody of the United States Attorney General, pursuant to § 4208(b) of Title 18,

United States Code, for imprisonment for the maximum period authorized by law; and for a study as described in § 4208(c) of Title 18, United States Code. Pursuant to § 4208(c) of Title 18, United States Code, Kenneth W. Peterson was committed to a federal medical center for evaluation and treatment. He was subsequently discharged from the federal medical center, and the federal judge, on the twenty-second day of August, 1969, modified the original sentence by imposing a fine of $5,000, suspending the remainder of Mr. Peterson's sentence of imprisonment, placing him on probation for a period of three years, and requiring Mr. Peterson to pay the costs of prosecution.

The Grievance Commission of the Supreme Court of North Dakota, on the eighteenth day of July, 1969, on its own motion, investigated Mr. Peterson's alleged misconduct and determined that the conviction of a felony by Kenneth W. Peterson, a licensed attorney at law, for filing and causing to be filed false and fraudulent income tax returns, is the basis for either a suspension of Mr. Peterson's license to practice law or his disbarment from the practice of law in the State of North Dakota. The Grievance Commission made its report and findings on the second day of September, 1969, and submitted them to this Court, together with a formal complaint against Kenneth W. Peterson which incorporated the Commission's report and findings, and requested that appropriate action be taken.

This Court, on the third day of September, 1969, directed the Grievance Commission to file the formal complaint against Kenneth W. Peterson, together with an order to show cause and an affidavit in support thereof, with the Clerk of the Supreme Court of North Dakota. The Grievance Commission appointed Albert A. Wolf of Bismarck to act as attorney to prosecute the matter.

This Court, in its order to show cause dated the third day of September, 1969, directed Kenneth W. Peterson to appear at a hearing before this Court on the seventeenth day of September, 1969, and show cause why this Court should not issue its order temporarily suspending his license to practice as an attorney and counselor at law in the courts of the State of North Dakota during the pendency of the formal proceedings for disciplinary action against him. The summons, complaint, order to show cause and affidavit in support thereof, and the Grievance Commission's report and findings were all timely served on Kenneth W. Peterson.

The arguments of the attorneys for the respective parties were heard by this Court at 10:00 a. m. on the seventeenth day of September, 1969, and this Court, on the same date, issued its order that the 1969 license of Kenneth W. Peterson to practice as an attorney and counselor at law in the courts of the State of North Dakota be suspended forthwith pending the disposition of the formal complaint.

Mr. Peterson, on the twenty-third day of September, 1969, answered the formal complaint against him, admitting that he had been convicted of income tax evasion as alleged in the formal complaint filed with this Court, but alleged that there were mitigating circumstances in his favor; that is: that the income taxes involved in the criminal action against him had been paid in full approximately four years prior to the trial in the prosecution against him; that, by reason of the federal proceedings against him, he has been unable to practice law for a period of more than six months prior to the date of his answer and, therefore, he has been for all intents and purposes, already suspended from the practice of law for more than six months.

The matter of the application for disciplinary action against Kenneth W. Peterson was referred by this Court to the Honorable Eugene Coyne, District Judge, to act as Referee for the purpose of taking testimony and making findings of fact, conclusions, and recommendations to this Court. A hearing was held on the seventh day

of October, 1969, and, thereafter, on the twenty-first day of October, 1969, the Referee made the following:

"FINDINGS OF FACT

I.

That on August 25, 1952 respondent was admitted to practice as an attorney and counselor at law in the courts of the State of North Dakota.

II.

That on March 15, 1969 respondent was convicted on three counts of wilfully attempting to evade income tax due and owing to the United States of America.

III.

That on August 22, 1969 respondent was fined in the sum of Five Thousand Dollars ($5,000.00) on one count of income tax evasion, and was placed on probation for a period of three years on two counts of income tax evasion.

IV.

That on September 17, 1969 respondent's license to practice as an attorney and counselor at law was suspended pending the disposition of this disciplinary proceeding.

V.

That two Grant County officials, to wit: the Sheriff and the Register of Deeds, appeared in Court and vouched that many residents of respondent's home community and county would approve respondent's reinstatement as an attorney and counselor at law.

VI.

That respondent has experienced personal problems by reason of being an alcoholic; but that he has recently taken treatment for this condition and- has drunk no intoxicating liquors for approximately six months.

CONCLUSIONS

I.

Respondent has been guilty of professional misconduct, and should be censured therefor and should be suspended from practice. * * *"

The Referee recommended to this Court, in view of the mitigating circumstances of Kenneth W. Peterson's misconduct, and in view of the apparent tolerance and indulgence of residents of Mr. Peterson's home community and county, that the Supreme Court suspend Kenneth W. Peterson's certificate of admission to the bar of the State of North Dakota for a period of time.

A hearing was held before this Court on the twentieth day of January, 1970, at which time Albert A. Wolf, attorney for the Grievance Commission, and Robert Vogel, attorney for Kenneth W. Peterson, appeared and presented arguments in the matter of the application for disciplinary action against Kenneth W. Peterson.

■ Mr. Peterson strenuously urges that the mitigating circumstances should be considered by this Court in determining whether this Court should suspend or revoke his certificate of admission to practice law. Mr. Peterson contends that he has rehabilitated himself in that he had submitted to medical treatment at a federal medical center at Springfield, Missouri, and at an alcoholism treatment center at Mandan, North Dakota; that he no longer drinks intoxicating beverages; that even though he is divorced, he has the care, custody, and support of his two minor children; and that he has complied with the terms and provisions of the order modifying the sentence dated August 22, 1969.

■ We have reviewed the pleadings, the transcript of the proceedings before the Referee, the findings of fact, conclusions,

and recommendations of the Referee, and the arguments presented at the hearing before this Court, and we find that Kenneth W. Peterson has been guilty of professional misconduct. Section 27–14–02 of the North Dakota Century Code provides that this Court may revoke or suspend the certificate of admission to the bar of this State of an attorney and counselor at law when he has committed a felony.

For reasons stated in the opinion, the certificate of admission as an attorney and counselor at law to the bar of the State of North Dakota issued to Kenneth W. Peterson is suspended for a period of nine months, with credit to be given for the term during which his license to practice law was temporarily suspended by order of this Court. He may make application for reinstatement after the expiration of said period of time.

It is so ordered.

TIEGEN, C. J., and STRUTZ, KNUDSON, and ERICKSTAD, JJ., concur.